Santos Rodríguez et al., Plaintiffs and Appellees, v. Alfredo Sáez Rodríguez et al., Defendants and Appellants.

No. R-67-232.     Decided March 24, 1972.

*Agrait Oliveras & Otero* for appellants. *Ángel Manuel Ciordia*
for appellees.

PER CURIAM: The accident that gave rise to this action
occurred on the last day of the year 1959. The trial was held
in August 1964. Judgment was rendered in June 1967. It is
a simple case in its facts.

After six-thirty in the afternoon a public car which was
going from the Central San Vicente to the town of Vega Baja
had an accident with a commercial bus, property of Destilería
Serrallés, which was going from Mayagüez to San Juan. The
driver of the public vehicle died in the accident. Other pas-
sengers were wounded, among them a son of the driver. They
filed a complaint for indemnification. The accident occurred
in front of the entrance to Vega Baja on Tulio Otero Street.
The highway where the accident occurred has one lane go-
ing to Mayagüez and another to San Juan. The version of
the facts, according to the plaintiffs, holds the defendants
liable. The trial court sustained the complaint. In doing so,
it subscribed to the plaintiffs' version in its entirety.

According to the plaintiffs, and to the trial judge's adjudi-
cation, the public car, a Plymouth, was traveling in the direc-
tion from San Juan to Arecibo and was going to turn to its
left to enter Vega Baja by Tulio Otero Street. The bus of
Destilería Serrallés was coming in the opposite direction. The
driver of the Plymouth brought his vehicle to a stop a little
inclined towards his left, without crossing the white center
line which divides the two lanes of the highway, in order
to permit the commercial bus to pass. There was a change
of light. The commercial bus was driven "at exaggerated
speed and was also traveling along the middle of the road,
that is, on the white line [which divides the highway]
invading in this manner part of the lane which corre-
sponded to the driver of the Plymouth and where the latter
had stopped his car to permit the passage of the bus before
he, the driver of the Plymouth, crossed Otero Street." "When

the bus was approaching the deceased exclaimed 'There comes that phantom!' moments after the exclamation the bus collided violently with the Plymouth automobile." The trial judge also concludes that the "bus driven by codefendant Sáez collided with the front left part of the Plymouth automobile with such force that it dragged it toward the opposite lane, that is, the left lane, which is the one that corresponded to codefendant Sáez' vehicle, shoving it across said lane, the bus being locked to the front of the Plymouth car and a great part of its body, including its rear wheels, in the sideway of the road; that is to say, the one leading from Vega Baja towards San Juan was left totally blocked by both vehicles."

The judge based his determinations principally on the testimony of Lieutenant Pantojas, who investigated the accident and testified about what he saw there.

About this the judge says:

"The police Sergeant Juan Pantojas García went to the scene of the accident to make the corresponding investigation. It was approximately 6:45 p.m. In his visual inspection he found, and the court subscribes to this version:

"(a) glass particles stuck on the center of the road;

"(b) an opening or hole in the pavement six inches from the white line on the lane where the deceased's car was parked from where a mark on the driveway started which ended precisely under the left front wheel at the place where the Plymouth finally rested after the impact;

"(c) the tire ring was a little bent on its edge and had fragments of bitumen stuck to it;

"(d) there was, also, mud and sand around the area where the opening was.

"All these circumstances show that the Plymouth automobile was in its lane having stopped waiting to be able to cross toward Otero Street when it was hit by the Chevrolet bus."

According to defendants' version the Plymouth upon reaching the entrance to Vega Baja turned suddenly towards

the left to enter by Otero Street invading the lane of the commercial bus, the Plymouth hitting the bus.

The defendants presented the testimonies of the bus driver, Alfredo Sáez, that of Justice of the Peace, Christian Thillet, and that of another witness named Rafael Martínez Vázquez.

The plaintiffs presented in evidence a photograph of the vehicles taken by the police after the accident. It was marked Exhibit I of the Plaintiffs. The defendants presented in evidence a photograph taken the next day, when the vehicles had already been moved, so that the damages sustained by each one of the vehicles could be observed better. It was marked Exhibit I of the Defendants.

Without doubt, as a result of the long time elapsed from the time the hearing was held until judgment was rendered in the case, the trial judge confused these two pieces of evidence and upon weighing the evidence he stated that he did not give credit to the witnesses of the defendants because according to the trial judge they had testified that the position of the vehicles after the accident was the one that appeared in the photograph presented by the defendants, when from the transcript of evidence it arises that it was not so.

The trial judge said:

"The court does not give any credit to the testimonies given by the defendant Alfredo Sáez Rodríguez, Justice of the Peace, Christian Thillet and Rafael Martínez Vázquez in the sense that the position of the vehicles after the accident is as it appears in Exhibit I of the Defendants; that is, the automobile totally out of the driveway heading towards San Juan and the bus in front of the same with its front end in the direction of Highway Number two. This version is incredible and untenable. The policeman who went to the scene of the accident described the position of the vehicles after the accident in the manner stated in finding of fact number nine that is the same position revealed by the photograph marked as Exhibit I of the plaintiffs which is a photograph of the police.

"The accident occurred at nightfall and it is evident that the photograph marked as Exhibit I of plaintiffs was at night. The witnesses of defendant Alfredo Sáez, the Justice of the Peace, Christian Thillet and Rafael Martínez Vázquez, have supported their testimonies, as to the position of the vehicles after the accident, on the photograph which is Exhibit I of the defendants. It is too obvious that such witnesses should not deserve credit since Exhibit I of the defendants is a photograph evidently taken in the daytime when the vehicles had already been moved and are in a position different from that of Exhibit I of the plaintiffs. We have carefully examined both photographs. The persons that appear in the photograph offered by the defendants are persons different from the ones that appear in the photograph presented by the plaintiffs. In the latter, the policemen who conducted the investigation appear. In the one offered by the defendants the policemen do not appear. In the photograph of the defendants at the background the foliage and the mountains can be seen and a shadow that projects itself from east to west showing that the sun was shining at the moment in which it was taken can be noted. In the photograph presented by the plaintiffs there is no foliage or mountains at the background of the vehicles nor any shadow projected by the sun; on the contrary, the photograph as a whole demonstrates that it was taken at night."

Let us examine first the testimony of Alfredo Sáez, driver of the insured bus. The attorney for the defendants asked him about the condition of the Plymouth automobile and showed him the photograph that had Identification No. 2 of the defendants. The judge explained that it was not presented in evidence; the attorney for the plaintiffs commented that the photograph showed where they placed the cars after moving them and the judge himself explained that the witness "Is going to relate the condition of the automobiles after the impact, not the position." It was presented in evidence and marked Exhibit I of the Defendants. To a question of the attorney for the defendants, showing him the photograph, the witness answered: "They remained exactly in that condition." The judge intervened once more and said: "The

question is whether that photograph, the condition of those cars, how does it compare with the condition of the cars, as you saw them there. Not the position but the condition." The witness answered: "I referred in answering to the condition. That they were in that same condition that showed by the photograph." See Tr. Ev. Vol. VI, pp. 63–65.

Let us take now the testimony of the Justice of the Peace Christian Thillet. The defendants' attorney showed him Exhibit I of the plaintiffs and told him to observe it carefully, and then asked him how it compared to what was revealed in the photograph with the position of the vehicles as observed by him upon arriving at the scene of the accident, and he answered: "That was the manner in which they were when I got there." Tr. Ev. Vol. VI, pp. 2–3. And on pp. 25–26 when the other witness Rafael Martínez Vázquez testified, the attorney showed him the photograph (Plaintiffs' Exhibit I) and asked him the same question and he answered: "Just as they are in the photograph, they remained like that."

We see thus that there is no ground in the testimonies of these three witnesses to affirm that they testified that the position in which the vehicles were after the accident was the one that appeared in the photograph presented in evidence by the defendants. They expressly stated that the position in which they remained was the one that appeared in the photograph presented by the plaintiffs.

Since there is no ground for the determination of the trial judge of not giving credit to the witnesses of the defendants, it is proper to examine all the oral and documentary evidence presented for the purpose of making a determination as to how the accident occurred.

The trial judge affirms that he gave special credit to the above-copied testimony of police officer Pantojas.

In the photograph presented by the plaintiffs themselves (Plaintiffs' Exh. I) the ring does not appear dented and neither can the "mark on the driveway which ended precisely

under the left front wheel in the place where the Plymouth finally rested after the impact", to which Sergeant Pantojas referred, be seen.

It is interesting to note that this witness, upon testifying before the prosecuting attorney right after the accident, did not mention these observations. It is more than one year after the occurrence of the accident that he makes reference to them in a deposition taken by the plaintiffs themselves and that afterwards he repeated at the trial. When asked why he had not informed about those observations to the prosecuting attorney, he answered that he had not been asked. When he was confronted with a report rendered right after the accident where he expressed that the Plymouth "upon reaching the scene of the accident turned suddenly towards the left to enter by Otero López Ramírez Street invading the lane of car two [commercial bus] which was coming from the opposite direction—West to East—both vehicles colliding with the results previously set forth" he explained that on that occasion he had only interrogated the driver of the commercial bus. All these circumstances lead us to conclude that his testimony does not deserve any credit.

In finding of fact number 4 the judge affirms that the driver of the commercial bus "testified that on the day of the accident he had 'drank', that is, he had drank liquor." There is nothing in the deposition given by Alfredo Sáez, driver of the commercial bus, nor in the testimony given in court from which it may be inferred that he admitted having drank liquor on the day of the accident.

The justice of the peace who had been together with Sergeant Pantojas at the place testified that the broken glass appeared on the left side of the road. He testified that "those glass and dirt residues were on the right, I say, concentrated to the right coming from Manatí towards Vega Baja, that is, to the left from Vega Alta towards Vega Baja, there were

more residues dispersed but the greatest part was between the white line, towards the left."

█ This testimony and an examination of the photographs presented in evidence make us reach the conclusion that the accident occurred in the manner set forth by the defendants' evidence. It is evident that the commercial bus was smashed on the left front part, but receiving the impact sideways. The Plymouth shows the impact completely on the front and the manner in which the vehicles remained according to exhibit I of the plaintiffs thus so confirms it.

Therefore, it is proper to reverse the judgment appealed from and to render another dismissing the complaint.

Mr. Chief Justice Negrón Fernández as well as Mr. Justice Martínez Muñoz took no part in this decision.